IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| CARLOS N. KELLER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:10-0938 |
| STATE OF WEST VIRGINIA, | ) |
| Defendant. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Plaintiff's Application to Proceed *in Forma Pauperis*, filed on July 21, 2010. (Document No. 2.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined the Complaint, the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[1]

**FACTUAL BACKGROUND**

On July 21, 2010, Plaintiff, acting *pro se*, filed his Complaint naming the State of West Virginia as the Defendant. (Document No. 1.) In his Complaint, Plaintiff alleges as follows:

1. Above Plaintiff's Complaint that there is racism in southern WV over the free and established maps of taxes to access properties.

---

[1] Because Plaintiff is acting pro se, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

    2.      That the State of West Virginia has given to one individual the right to dictate access as well as deny access to a person's real property according to unknown, unproven surveys.

    3.      That industry has neither changed known tax maps, which shows (proves) accessibility to properties.

    4.      That the known proven (by law) access has been taken away from citizens according the color of skin and money.

    5.      That said Plaintiff and known maps have been discarded by the judicial workings of southern WV. The right to a quick and speedy trial has been discarded for reasons unknown to plaintiff.

    6.      West Virginia law specifies a time limit of the purpose, the use of a right of way that has also been discarded.

(Id., pp. 1 - 2.)

## ANALYSIS

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. §1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. §1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28

U.S.C. §1332(a)(1).[2]

In the instant matter, Plaintiff does not allege the basis for the District Court's jurisdiction. Rule 8(a) of the Federal Rules of Civil Procedures provides that a Plaintiff must plead "a short and plain statement of the grounds for the court's jurisdiction." Fed.R.Civ. P. 8(a)(1); also see Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985)("plaintiffs must affirmatively plead the jurisdiction of the federal court"), citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Construing Plaintiff's Complaint liberally, the undersigned finds that Plaintiff is attempting to proceed under Section 1331 as Plaintiff indicates that the State of West Virginia engaged in racial discrimination in violation of the Thirteenth Amendment. Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to

---

[2] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

    (1) citizens of different states;

    (2) citizens of a State and citizens or subjects of a foreign state . . .;

    (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

    (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. In Monell, the Supreme Court recognized that municipalities and municipal officials sued in an official capacity are suitable "persons" for purposes of Section 1983. Monell, 436 U.S. at 690, 98 S.Ct. at 2035. The Supreme Court, however, later clarified that States, State agencies, or State officials sued in their official capacities cannot be sued for damages under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989)(suits against a State or State agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution);[3] Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 117, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Westinghouse Elec. Corp. v. West Virginia Dept. of Highways, 845 F.2d 468, 470 (4th Cir.), cert. denied, 488 U.S. 855, 109 S.Ct. 143, 102 L.Ed.2d 116 (1988). Based on the foregoing, the undersigned recommends that Plaintiff's Complaint be dismissed as the State of West Virginia is not a "person" as required by Section 1983.[4]

---

[3] The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

[4] Furthermore, Rule 8(a)(2) requires that a Plaintiff plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In *Ashcroft v. Iqubal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court stated as follows:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (Document No. 2.), **DISMISS** Plaintiff's Complaint (Document No. 1.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985);

---

*Ashcroft v. Iqubal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(citations omitted). Although pleadings filed by a *pro se* plaintiff are entitled to liberal construction, this "does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." *Drummond v. South Carolina Department of Corrections*, 2012 WL 5077575, * 3 (D.S.C. Oct. 1, 2012)(*citing Weller v. Department of Social Services*, 901 F.2d 387, 390-91 (4th Cir. 1990)). In the instant case, Plaintiff fails to allege adequate facts supporting his claim. Plaintiff merely concludes that the State is violating his property rights based upon racial discrimination. Plaintiff's legal conclusion that the State is engaging in racial discrimination is insufficient. Thus, Plaintiff's Complaint fails to state a claim for which relief can be granted.

Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: June 12, 2013.

R. Clarke VanDervort
United States Magistrate Judge